**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 21-7441**

─────────

NATHANIEL R. WEBB,

        Plaintiff - Appellant,

      v.

DIRECTOR BUTLER; YOLANDA BANKS; E. GEORGE; V. FREDERICK; KENNETH BLACKWELL; MARK SZAJNBERG,

        Defendants - Appellees,

    and

WAKE COUNTY JAIL,

        Defendant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-ct-03127-FL)

─────────

Submitted: February 28, 2023                  Decided: March 22, 2023

─────────

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────

Nathaniel R. Webb, Appellant Pro Se. James Nicholas Ellis, Rocky Mount, North Carolina, Stephanie L. Gumm, POYNER SPRUILL LLP, Raleigh, North Carolina, for

Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Webb appeals the district court's orders granting Defendants' motions for summary judgment on his claims brought under 42 U.S.C. §§ 1983, 1985 while he was a pretrial detainee. Webb asserted violations of the First, Sixth, and Fourteenth Amendments based on Defendants' prohibition on communication between Webb and his wife, who was also a pretrial detainee for charges arising from the same allegations for which Webb was detained; Defendants' practice of providing copies of Webb's nonlegal mail to investigators due to his placement on the Jail Mail Watch List; and Defendants' alleged conspiracy and mishandling of Webb's legal mail. Webb also claimed that Defendant Butler violated the First Amendment by transferring Webb to another facility in retaliation for Webb's filing of grievances related to these issues and a grievance about a jail officer. Finally, Webb challenges the court's disposition of his motions for a protective order, to strike, to compel, for sanctions, and to appoint counsel. We affirm in part, vacate in part, and remand for further proceedings.

Turning first to Webb's claims regarding the Jail Mail Watch List, the prohibited communication with his wife, the interference with his legal mail and alleged conspiracy, and his challenge to the district court's denial of his various motions, we have reviewed the record and find no reversible error in the denial of these claims and motions. Accordingly, we affirm these portions of the district court's judgment. *Webb v. Wake Cnty. Jail*, No. 5:18-ct-03127-FL (E.D.N.C. Dec. 21, 2018; Jan. 22, 2020; July 29, 2020; Oct. 27, 2020; Sept. 14, 2021; Sept. 28, 2021).

3

Next, we consider Webb's appeal of the district court's denial of his First Amendment retaliation claim. "We review de novo the district court's grant of summary judgment." *Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir.), *cert. denied*, 143 S. Ct. 303 (2022). "Summary judgment is only appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). De novo review requires us to view "the facts in the light most favorable to [Webb] to determine the applicable questions of law and . . . draw[] all reasonable inferences from those facts in [Webb's] favor." *Id.* (internal quotation marks omitted).

For a retaliation claim to survive summary judgment, a plaintiff must produce evidence showing that "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (cleaned up). To show causation, the plaintiff must demonstrate that his "protected conduct was a substantial or motivating factor in [the defendant's] decision to take adverse action." *Id.* at 300. If the plaintiff makes that showing, the burden shifts to the defendant to establish "a permissible basis for taking that action." *Id.* The defendant must show by a preponderance of the evidence that he "'would have reached the same decision . . . in the absence of the protected conduct.'" *Id.* at 299 (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283 (1977)). "If the defendant fails to carry that burden, the inference is that but for

4

causation . . . has been shown:  the plaintiff would not have been harmed had his rights not been violated by the defendant."  *Id.* at 299 (internal quotation marks omitted).

The district court granted Defendant Butler summary judgment on Webb's retaliation claim because it determined that Butler showed by a preponderance of the evidence that Webb would have been transferred regardless of the grievances.  However, our review of the record reveals there remains a genuine dispute of material fact regarding whether Webb's transfer was the result of retaliation.  *Martin*, 977 F.3d at 305 ("Whether [defendant] would have placed [plaintiff] in segregation absent a retaliatory motive is a question of material fact.").  Butler proffered that Webb was moved because Webb's wife and all female inmates were rehoused to Webb's facility, and so, to prevent contact between Webb and his wife, Webb had to be transferred.  Butler also argued that Webb was transferred to avoid further conflict with an officer about whom Webb had complained.

The evidence shows that Webb filed a grievance against the officer and, 17 days later, wrote a letter to the sheriff raising issues with the grievance process, the Jail Mail Watch List, and the ban on communication with his wife.  Two weeks after Webb sent the letter, all female inmates, including Webb's wife, were transferred to Webb's facility.  That same day Webb filed a second grievance against the officer.  Nine days passed, and Webb filed a third grievance against the officer; he was transferred to another facility on the same day.  The temporal proximity of Webb's transfer to his filing of grievances and sending a letter to the sheriff creates a dispute of material fact.  The presence of a dispute is made more evident considering Webb was eventually transferred back to the facility and was

therefore housed in the same complex as both his wife and the officer for three months before his wife's release.

Accordingly, we vacate the district court's grant of summary judgment on Webb's retaliation claim and remand for consideration of whether a dispute of material fact remains regarding the other elements required for a retaliation claim, whether Butler was entitled to qualified immunity, and whether Webb identified a policy or custom leading to municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). We express no opinion on the ultimate disposition of Webb's retaliation claim. We deny Webb's motion to appoint counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*